## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DIANA MARCIAL,

      Petitioner,

v.                                                         Civ. No. 25-0094-KG-GBW

WARDEN RULE, *et al*,

      Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Diana Marcial's 28 U.S.C. § 2241 Habeas Petition.   (Doc. 1) (Petition).   Marcial is a federal prisoner and is proceeding *pro se*.   She alleges the Bureau of Prisons (BOP) incorrectly determined that she is not eligible for programming credits under the First Step Act (FSA).   The FSA amended 18 U.S.C. § 3632 to increase the number of credits for eligible prisoners who complete recidivism reduction programming.   However, the "FSA provides that a prisoner is ineligible to receive time credits if he [or she] is serving a sentence for" certain convictions.   *Noe v. True*, 2022 WL 5080196, at *10 (10th Cir. Oct. 5, 2022).   Marcial alleges she is eligible to earn credits based on her convictions for possession with intent to distribute methamphetamine and fentanyl.   (Doc. 1); *see also* Judgment in CR No. 23-0809 KG.   The BOP disagrees.   (Doc. 1) at 11.   Marcial's current release date is February 23, 2030.   *Id.*

A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a release date, must be resolved under 28 U.S.C. § 2241.   *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016)

(noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits).   In

such cases under Section 2241, "jurisdiction lies in only one district: the district of confinement."

*Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).   *See also Brace v. United States,* 634 F.3d 1167,

1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the

district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)

(same).   Marcial is confined at Carswell FMC in Fort Worth, Texas.   That BOP facility is within

the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth

Division.   *See* https://www.bop.gov/inmateloc/; 28 U.S.C. § 124(a) (the Northern District

includes the Fort Worth division).   Hence, the Petition must be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects

are clear from the face of the proceeding.   *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th

Cir. 2006).   In lieu of dismissal, and in the interest of justice, the Court may transfer a case to

any district where venue and jurisdiction are proper.   *See Johnson v. Christopher*, 233 Fed.

App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an

inmate's] case" *sua sponte*).   To determine whether a transfer is in the interest of justice, courts

consider: "whether the claims would be time barred if filed anew in the proper forum, whether the

claims alleged are likely to have merit, and whether the claims were filed in good faith…."   *In re

Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).   *See also Faulkenburg v. Weir,* 350 Fed. App'x

208, 210 (10th Cir. 2009) (applying the same factors to a transfer).   The claims are not time-

barred; "there is no statute of limitations for petitions invoking § 2241."   *Craig v. United States*,

844 Fed. App'x 96 (10th Cir. 2021).   An allegation that the BOP miscalculated Marcial's

sentence may survive initial review.   And, while Marcial directs her concerns to the sentencing

court, rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants.   The Court therefore finds the Petition was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the Northern District of Texas, Fort Worth Division.   Marcial may be asked to pay the $5 habeas filing fee or submit an *in forma pauperis* motion in that Court.   For convenience, and to the extent Marcial would like a copy of relevant form, the Court will direct the District of New Mexico Clerk's Office to mail her a blank *in forma pauperis* application.   Marcial is reminded that all further pleadings and payments should be submitted to the United States District Court for the Northern District of Texas, Fort Worth Division.

IT IS ORDERED:

1.   The Clerk's Office shall transfer this proceeding, including Marcial's 28 U.S.C. § 2241 Habeas Petition (Doc. 1), to the United States District Court for the Northern District of Texas, Fort Worth Division.

2.   The Clerk's Office shall mail Marcial a blank motion to proceed *in forma pauperis*.

/s/ _____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

1 Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.